# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 15-CR-2821-BAS |
|---|---|
| Plaintiff, | |
| v. | **FACTUAL FINDINGS PURSUANT TO 18 U.S.C. § 3161(h)(7)** |
| RONALD GRUSD (1), GONZALO PAREDES (2), ALEXANDER MARTINEZ (3), RUBEN MARTINEZ (4), CALIFORNIA IMAGING NETWORK MEDICAL GROUP (5), WILLOWS CONSULTING COMPANY (6), LINE OF SIGHT, INC. (7), DESERT BLUE MOON (8), | |
| Defendants. | |

At the motion hearing on March 21, 2016, and at the request of the parties, the Court excluded time from March 21, 2016, through September 19, 2016. "[A]n 'ends of justice' exclusion must be (1) 'specifically limited in time' and (2) 'justified [on the record] with reference to the facts as of the time the delay is ordered.'" United States

v. Ramirez-Cortez, 213 F.3d 1149, 1154 (9th Cir. 2000) (citation omitted).  In addition to the Court's findings at the motion hearing on March 21, 2016, the Court makes the following factual findings, which apply to the exclusion of time:

   1.   The Indictment charges eight defendants, including four companies, with: conspiracy to commit honest services mail and wire fraud, mail fraud, and violations of the Travel Act; honest services mail fraud; and criminal forfeiture.

   2.   The discovery produced by the United States to date consists of multiple gigabytes of data, including reports, emails, medical claim files, audio recordings and video recordings.

   3.   This case is an unusually complex prosecution, as contemplated by 18 U.S.C. § 3161(h)(7), in that it involves: (1) a criminal charge with multiple defendants and overt acts; (2) the evaluation of significant amounts of evidence; and (3) the involvement of multiple witnesses.  At the hearing on March 16, 2016, counsel for all defendants agreed that a motion hearing no earlier than September 19, 2016, was necessary for counsel to review discovery and prepare substantive motions.  Taking into account the exercise of due diligence by the defendants, the Court finds that the setting of a motion hearing on September 19, 2016, outweighs the best interests of the public and the defendants in a speedy trial because requiring the defendants to proceed to trial before that date, would likely result in a miscarriage of justice given the complexity and nature of this case.

   **IT IS SO ORDERED.**

DATED: April 6, 2016

_____
HONORABLE CYNTHIA BASHANT
United States District Judge