1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Steven G. Madison (Bar No. 101006)
2    Email: stevemadison@quinnemanuel.com
     John S. Gordon (Bar No. 112750)
3    Email: johngordon@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
4  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
5  Facsimile: (213) 443-3100

6  MESEREAU LAW GROUP
     Thomas A. Mesereau, Jr., (Bar No. 91182)
7    Email: mesereau@mesereaulaw.com
   10100 Santa Monica Blvd., Suite 300
8  Los Angeles, CA 90067
   Telephone: (310) 651-9960
9  Facsimile: (310) 772-2295

10 LAW OFFICES OF SHARON APPELBAUM
     Sharon Appelbaum (Bar No. 296121)
11   Email: sharon@sharonappelbaum.com
   401 Wilshire Boulevard, 12th Floor,
12 Santa Monica, CA 90401
   Telephone: (310) 853-0829
13 Facsimile: (213) 402-2434

14 Attorneys for Defendants, Ronald Grusd,
   California Imaging Network
15 Medical Group, and
   Willows Consulting Company

16

17              UNITED STATES DISTRICT COURT

18             SOUTHERN DISTRICT OF CALIFORNIA

19

20 | UNITED STATES OF AMERICA, | CASE NO. 15CR2821-BAS |
|---|---|
|        Plaintiff, | **DEFENDANTS RONALD GRUSD, M.D., CALIFORNIA IMAGING NETWORK MEDICAL GROUP, AND WILLOWS CONSULTING COMPANY'S MOTION TO STRIKE GOVERNMENT SENTENCING EXHIBIT 7; MEMORANDUM OF POINTS AND AUTHORITIES** |
|     vs. | |
| RONALD GRUSD, CALIFORNIA IMAGING NETWORK MEDICAL GROUP, WILLOWS CONSULTING COMPANY, | |
|        Defendants. | **DECLARATION OF RONALD GRUSD, M.D.** |
| | **DECLARATION OF JOHN S. GORDON** |

Sentencing Date: June 18, 2018
Time:  9:00 a.m.
Ctrm:  4B

TO PLAINTIFF UNITED STATES OF AMERICA AND ITS COUNSEL OF RECORD:

Defendants RONALD GRUSD, CALIFORNIA IMAGING NETWORK MEDICAL GROUP, and WILLOWS CONSULTING COMPANY (collectively, "Defendants") hereby jointly move this Court for an order striking Government Sentencing Exhibit 7 (Dkt. 322-1) and precluding its use at sentencing or elsewhere in this case.  Defendants request that any hearing on this motion be conducted at the time of sentencing, currently set to be held at the United States District Courthouse, Courtroom 4B, 221 West Broadway, San Diego, CA, on June 18, 2018 at 9:00 a.m.

This Motion to Strike is based on the attached Memorandum of Points and Authorities; the separately filed Declaration of Defendant Ronald Grusd, M.D. in Support of Defendants Ronald Grusd, M.D., California Imaging Network Medical Group, and Willows Consulting Company's Motion to Strike; the separately filed Declaration of John S. Gordon in Support of Defendants Ronald Grusd, M.D., California Imaging Network Medical Group, and Willows Consulting Company's Motion to Strike, all the files and records in the case, and any evidence or argument that might be presented at any hearing on this motion.

//

//

//

-2-

1   DATED:  June 15, 2018                    QUINN EMANUEL URQUHART &
2                                            SULLIVAN, LLP

3

4                                            By  /s/ John S. Gordon
5                                               John S. Gordon
                                                Attorneys for Defendant
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    PRELIMINARY STATEMENT .................................................................1

II.   GOVERNMENT SENTENCING EXHIBIT 7 IS A CONFIDENTIAL
      DOCUMENT PROTECTED BY THE MARITAL
      COMMUNICATIONS PRIVILEGE.........................................................1

      A.    Sentencing Exhibit 7 Satisfies All Requirements for a Privileged
            Communication .............................................................................2

      B.    The Government Cannot Carry Its Burden to Overcome the
            Presumption of Confidentiality and Privilege ............................3

III.  GOVERNMENT SENTENCING EXHIBIT 7 SHOULD NOT BE
      CONSIDERED IN DEFENDANTS' SENTENCING ..............................5

IV.   CONCLUSION......................................................................................6

# TABLE OF AUTHORITIES

**Page**

## Cases

*Blau v. United States,*
    340 U.S. 332 (1951) ......................................................................... 4

*In re Grand Jury Investigation,*
    603 F.2d 786 (9th Cir. 1979) ...................................................... 3, 4, 5

*SEC v. Lavin,*
    111 F.3d 921 (DC Cir. 1997) ........................................................... 4

*United States v. Banks,*
    556 F.3d 967 (9th Cir. 2009) ........................................................... 5

*United States v. Montgomery,*
    384 F.3d 1050 (9th Cir. 2004) ................................................ 2, 3, 4, 6

*United States v. White,*
    974 F.2d 1135 (9th Cir. 1992) .......................................................... 2

*Wolfle v. United States,*
    291 U.S. 7 (1934) ......................................................................... 2

## Rules and Regulations

Fed. R. Evid. 501 .......................................................................... 1

Fed. R. Evid. 1101(c) .................................................................... 6

Fed. R. Evid. 1101(d) .................................................................... 6

Case No. 15CR2821-BAS
DEFENDANTS' MOTION TO STRIKE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   PRELIMINARY STATEMENT

Defendants Ronald Grusd, M.D., California Imaging Network Medical Group ("CIN"), and Willows Consulting Company ("Willows") (collectively, "Defendants") hereby move to strike from the record Government Sentencing Exhibit 7, and to preclude any reference to it in this case. That document is protected by the marital communications privilege, which precludes any use of it in this case. Thus, it should not be referred to or considered at sentencing or any other proceeding in this case.

Sentencing Exhibit 7, a private letter written by Helen Grusd, Ph.D. (referred to hereinafter as "Helen") to her husband Defendant Ronald Grusd, M.D., was seized by the Government during a search of Dr. Grusd's personal office following his arrest in November 2015. He had kept the letter confidential; it was taken from his personal office—a private area within his medical office space. The Government's submission of Sentencing Exhibit 7 (without prior notice or Court authorization), was improper, and any consideration of this privileged document would violate federal common law as well as Federal Rule of Evidence 501.

For the reasons stated below, Defendants respectfully request that the Court strike Sentencing Exhibit 7 from the record, and preclude any reference to, or consideration of, it during Defendants' sentencing or any other proceeding in this case.

## II.   GOVERNMENT SENTENCING EXHIBIT 7 IS A CONFIDENTIAL DOCUMENT PROTECTED BY THE MARITAL COMMUNICATIONS PRIVILEGE

The scope of evidentiary privileges in criminal cases is governed by federal common law. Fed. R. Evid. 501 provides that the various privileges are to be "interpreted by the United States courts in the light of reason and experience." The

1   federal courts have recognized two marital privileges on that basis, including the

2   marital communications privilege, pursuant to which "[c]ommunications between

3   the spouses, privately made, are generally assumed to have been intended to be

4   confidential, and hence they are privileged . . . ." *United States v. Montgomery*, 384

5   F.3d 1050, 1056 (9th Cir. 2004).  The privilege "(1) extends to words and acts

6   intended to be a communication; (2) requires a valid marriage; and (3) applies only

7   to confidential communications, *i.e.,* those not made in the presence of, or likely to

8   be overheard by, third parties." *Id.*[1]

9        Because all three prongs of the privilege analysis are met here, because the

10  government cannot carry its burden of proving otherwise, and because no

11  recognized exceptions to the privilege apply, Sentencing Exhibit 7 is protected from

12  disclosure and use by the marital communications privilege.

13       **A.     Sentencing Exhibit 7 Satisfies All Requirements for a Privileged**

14              **Communication**

15       Helen's letter to Dr. Grusd easily satisfies the three requirements of the

16  marital communication privilege.  Dr. Grusd and Helen were married at the time the

17  letter was provided to Dr. Grusd and they have remained married.  The letter plainly

18  constitutes "words or acts intended to be a communication" in the context of a

19  "valid marriage."

20       Helen's letter also satisfies the third prong of the privilege, as it bears all the

21  trappings of a "confidential communication[,] not made in the presence of [] third

22  parties." *See Montgomery*, 384 F.3d at 1056.  Helen provided the Letter to Dr.

23  Grusd in the privacy of their shared residence, and he is unaware of anyone besides

---

[1]   Strong policy considerations underlie the marital communications privilege.
"The basis of the immunity given to communications between husband and wife is
the protection of marital confidences, regarded as so essential to the preservation of
the marriage relationship as to outweigh the disadvantages to the administration of
justice which the privilege entails." *Wolfle v. United States*, 291 U.S. 7 (1934); *see
also United States v. White*, 974 F.2d 1135, 1138 (9th Cir. 1992) ("The public policy
interests in protecting the integrity of marriages and ensuring that spouses freely
communicate with one another underlie the marital communications privilege.").

Case No. 15CR2821-BAS
DEFENDANTS' MOTION TO STRIKE

1  himself and his wife ever knowing of the Letter's existence before it was seized by

2  the Government at the time of his arrest in November 2015.  Grusd Decl. ¶¶ 1-2.

3  The letter was found at and seized from Dr. Grusd's personal office—his private

4  space.  Grusd Decl. ¶ 2.  People were not allowed to look at his private papers in his

5  personal office.  *Id.*  He did not intentionally leave the letter out in plain sight for

6  someone to see and he never led anyone to believe that it was permissible to read the

7  letter.  *Id.*  Dr. Grusd always treated the letter as confidential and intended that it

8  remain confidential.  Grusd Decl. ¶ 3.

9        The Ninth Circuit has made plain that "the nature of the communication"

10  matters: "a handwritten letter from a wife to a husband that was left [for him to

11  find]… is [a communication] of the kind likely to be confidential." *See*

12  *Montgomery*, 384 F.3d at 1057.  In *Montgomery*, the court reasoned that the

13  communication—a handwritten letter to a defendant from his wife, addressed to

14  defendant by name, seized from the couple's home during the execution of a

15  warrant, and warning defendant that his business activities were illegal—was

16  confidential pursuant to the marital communications privilege.  The *Montgomery*

17  panel ruled that the privilege remained intact, and that the district court erred in

18  admitting the letter (1) even though  the wife's letter was left for the husband on the

19  kitchen counter at a time when the couple's children resided in the home and could

20  have entered the kitchen, and (2) notwithstanding the fact that defendant's wife

21  testified at trial that she had actually hoped that defendant would communicate the

22  substance of her letter (about the illegality of his business) to his sister as an

23  admonition. *Id*. at 1056-1059.  So, too, Helen's handwritten note to her husband,

24  addressing him by name, is on its face presumptively confidential.

25      **B.**    **The Government Cannot Carry Its Burden to Overcome the**

26           **Presumption of Confidentiality and Privilege**

27        The Government bears the burden of overcoming the presumption that

28  Sentencing Exhibit 7 is confidential.  "Marital communications are presumptively

Case No. 15CR2821-BAS

DEFENDANTS' MOTION TO STRIKE

1   confidential.  It is therefore necessary for the party seeking to avoid the privilege to

2   overcome the presumption." *In re Grand Jury Investigation*, 603 F.2d 786, 787–88

3   (9th Cir. 1979), *citing Blau v. United States*, 340 U.S. 332, 333 (1951); *see also*

4   *Montgomery*, 384 F.3d at 1056 ("The government bears the burden of showing that

5   the communication was not intended to be confidential.").   Here, the Government

6   cannot carry this burden.

7        *First*, the topics discussed in Sentencing Exhibit 7 make plain that the letter

8   was intended to be confidential.  The assertions in Helen's letter are not of a sort

9   typically disclosed by a spouse to third parties.  They comprise the type of private

10  discussions (whether the allegations by one spouse against the other are true or

11  false) which the marital communication privilege was designed to encourage and

12  protect.  *See Blau* , 340 U.S. at 333–34 (petitioner was entitled to assert marital

13  communication privilege to excuse him from testifying about wife's

14  communications, where wife's communication to petitioner—her whereabouts—

15  was "of the kind likely to be confidential.").  Helen's assertions in the letter (at least

16  the ones summarized in the government's typed summary of excerpts from the

17  letter), are clearly "of the kind likely to be confidential."[2]

18       *Second*, even if any of the assertions in Sentencing Exhibit 7 related to any

19  aspect of this case, whether work-related or otherwise, that would not defeat the

20  presumption that the letter was intended to be confidential.  In *In re Grand Jury*

21  *Investigation*, 603 F.2d 786, the court held that the government failed to rebut the

22  presumption of confidentiality of the communications between defendant and his

---

23       [2]  Nor has Dr. Grusd waived his privilege by any opaque references to the
24  substance of Sentencing Exhibit 7.  *See SEC v. Lavin*, 111 F.3d 921, 933 (D.C. Cir.
    1997) (holding that defendants did not waive the confidentiality of their marital
25  communication by submitting selective disclosures of the transcripts of confidential
    communications to court; the defendants "sought only to establish the privilege by
26  providing highly probative information regarding [their] assumptions with regard to
    the nature of their conversations," using the disclosures only as a shield and not as a
27  sword).  As in *Lavin*, defendants here make only the most general references to the
    privileged document, merely in the interests of protecting their privilege.  This does
28  not constitute waiver.

wife regarding the details of defendant's work.  In reversing the ruling below, the

Ninth Circuit reasoned that communications between defendant and his wife

regarding his work were "an area presumptively protected by the marital

communications privilege and the Government did not overcome the presumption"

that the communications were confidential.  *Id.* at 788.  The court continued:

> The prosecutor argued that [defendant] had no expectation of privacy with
> respect to his job duties because those duties were carried on at a place of
> business with a number of employees, and, therefore, the facts concerning his
> employment were not private facts protected by the marital communications
> privilege. *The argument misses the point.  His job may have been in the
> public eye, but his conversations with his wife were presumptively
> confidential.*  The Government had the burden of showing that his
> conversations with his wife were not conducted in private.  The fact that other
> employees or members of the public could testify about [defendant's] job
> responsibilities is irrelevant to the existence of the marital communications
> privilege.

*Id.* at 788 n.1 (emphasis added); *see also Montgomery*, 384 F.3d 1050 (wife's letter

regarding illegal activities of defendant's home rental business was protected by

marital communications privilege).

Likewise here, Helen's communications to her husband do not lose the

imprimatur of confidentiality due to any of the contents in the letter itself.

## III.   GOVERNMENT SENTENCING EXHIBIT 7 SHOULD NOT BE CONSIDERED IN DEFENDANTS' SENTENCING

The marital communications privilege applies at the criminal sentencing

stage.  *See* Fed. R. Evid. 1101(c) ("The rules on privilege apply to all stages of a

case or proceeding.").

As set forth in Section II, *supra*, Sentencing Exhibit 7 is a confidential

document squarely protected by the marital communications privilege.  This

privilege must be observed at Defendants' sentencing, as prescribed by the Federal

Rules of Evidence.

1  **IV.   <u>CONCLUSION</u>**

2          For all of the reasons above, as well as any other arguments that might be

3  made at the sentencing hearing on June 18, 2018, Defendants respectfully request

4  that the Court strike Government Sentencing Exhibit 7 as a privileged marital

5  communication, and preclude any reference to or consideration of it at sentencing or

6  any further proceeding in this case.

7

8

9  DATED:  June 15, 2018                    QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
10

11

12                                          By  /s/ John S. Gordon
13                                              John S. Gordon
                                                Attorneys for Defendant
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28