# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>RUBEN MARTINEZ,<br><br>　　　　　　　　　Defendant. | Case No. 15-cr-2821-BAS-4<br><br>**ORDER DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 474)** |

After a guilty plea, the Court sentenced Defendant Ruben Martinez to thirty-three months of custody for conspiracy to commit honest services fraud and healthcare fraud. (ECF No. 427.) Mr. Martinez is serving his sentence at the Bureau of Prisons ("BOP")'s facility in Lompoc, California. He now moves for a modification of his sentence under 18 U.S.C. § 3582 in light of the COVID-19 virus. (Mot., ECF No. 474.) Mr. Martinez asks that the Court "resentence him to time-served with the remainder of his sentence to be served in home confinement." (*Id.* at 2.) Further, Mr. Martinez argues that the Court should excuse the requirement that he first exhaust his administrative remedies by filing a petition with the BOP given the "time-sensitive danger" the virus poses to his health. (*Id.* at 5.)

The Court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal

Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). Mr. Martinez cites to the new compassionate release provision of the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), which allows the Court to modify the term of imprisonment for "extraordinary and compelling reasons" that "warrant such a deduction." This provision is only triggered, however, where (A) the Director of the Bureau of Prisons files a motion; or (B) the defendant files a motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). In addition, this Court and "other district courts in the Ninth Circuit who have considered . . . whether district courts may create an exception to § 3582(c)(1)(A)(i)'s 30-day exhaustion requirement on the basis of the COVID-19 pandemic . . . have near unanimously concluded that failure to exhaust administrative remedies is fatal to a compassionate release petition even in light of the urgency created by COVID-19." *United States v. Route*, No. CR17-302-RSM, 2020 WL 2063679, at *3 (W.D. Wash. Apr. 29, 2020) (collecting cases); *see also United States v. Garza*, No. 18-CR-1745-BAS, 2020 WL 1485782, at *2 (S.D. Cal. Mar. 27, 2020).

Further, the Court otherwise lacks authority to designate home confinement. "The Bureau of Prisons has the statutory authority to choose the locations where prisoners serve their sentences." *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam) (citing 18 U.S.C. § 3621(b)). The recommendations of the sentencing court to the BOP for where the sentence should be served are only given nonbinding weight. *Id.* "While a [district court] has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. Authority to determine place of confinement resides in the executive branch of government and is delegated to the Bureau of Prisons." *Id.* (quoting *United States v. Dragna*, 746 F.2d 457, 458 (9th Cir. 1984) (per curiam)); *see also Rodriguez v. Smith*, 541 F.3d 1180, 1182 (9th

Cir. 2008) ("Under 18 U.S.C. § 3621(b), the BOP has authority to designate the place of an inmates' imprisonment.").

In this case, the Court is mindful of the serious risk COVID-19 poses for prison inmates. Mr. Martinez is 63-years old and a diabetic. He also submits that he "suffers from high blood pressure, high cholesterol, and sleep apnea." (Mot. at 2.) Further, the Court agrees that given the nature of Mr. Martinez's offense, his compliance with pre-trial release conditions, and his lack of prior criminal history, he is not a danger to the community and is not at a high risk to reoffend if he is released. Even so, issues such as Mr. Martinez's medical condition, the conditions and resources at the BOP's Lompoc facility, and decisions as to which inmates should be released because of the COVID-19 virus are better left to the BOP and its institutional expertise. *See United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 1888856, at *4 (D. Kan. Apr. 16, 2020) ("Because defendant is in BOP custody, the BOP is in a better position to initially determine defendant's medical needs, the specific risk of COVID-19 to her and the inmates generally at FMC Carswell, the risk to the public if she is released and whether her release plan is adequate."). The Court finds Mr. Martinez's failure to first exhaust his administrative remedies is fatal to his petition "even in light of the urgency created by COVID-19." *See Route*, 2020 WL 2063679, at *3. The Court encourages Mr. Martinez to seek relief from the BOP.

For the foregoing reasons, the Court **DENIES** Mr. Martinez's motion to modify his sentence under 18 U.S.C. § 3582 in light of the COVID-19 virus (ECF No. 474).

**DATED: May 13, 2020**

Hon. Cynthia Bashant
United States District Judge